UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:25-cv-000433

JUDITH FIKE,

     Respondent/Plaintiff,

v.

CITY OF GROVELAND,

     Petitioner/Defendant.

_____/

### DEFENDANT'S NOTICE/PETITION OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW

**TO THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA:**

The Petition of Defendant, CITY OF GROVELAND, for removal of this action from the Circuit Court in and for Lake County, Florida to the United States District Court for the Middle District of Florida, respectfully shows this Honorable Court:

1.      That Petitioner, CITY OF GROVELAND, is a named defendant in a 42 U.S.C. §1983, et seq., unlawful removal action brought against them in the Circuit Court in and for Lake County, Florida entitled, *"Judith Fike v. City of Groveland",* Case Number 2025-CA-001424. A copy of the Summons directed to the City of Groveland and the Verified Emergency Complaint for Injunctive and Declaratory Relief in that action is attached hereto as Exhibit "A."

2.      That the aforesaid action was commenced by service of process

consisting of said Summons and the Complaint upon Petitioner/Defendant, City of Groveland, on July 9, 2025.

3.    The present case involves a Plaintiff who alleges she was unlawfully removed by the City of Groveland mayor and several councilmembers in violation of her Civil Rights.

4.    In compliance with 28 U.S.C. §1446(a), Petitioner/Defendant CITY OF GROVELAND, FLORIDA, is a governmental entity in and for the State of Florida, and as such is subject to the federal subject matter, original, or other jurisdiction of this Court.

5.    Pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and (4), and 28 U.S.C. §1441(a) and (b), this civil action may be removed by these Defendant from state court to the United States District Court, Middle District of Florida, Ocala Division.

## MEMORANDUM OF LAW

## STATEMENT OF THE CASE

The instant action originated as a Complaint by Judith Fike against City of Groveland alleging that Plaintiff was unlawfully removed from her position on the City of Groveland City Council in violation of her Civil Rights pursuant to 42 U.S.C. §1983.

## FEDERAL COURT JURISDICTION

This Court has jurisdiction over the present case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) and (4) and additionally, because Defendant CITY OF

GROVELAND, is a governmental entity in and for the State of Florida; as such, this case is subject to the federal subject matter, original, or other jurisdiction of this Court.

28 U.S.C. §1331 provides:

> The District Court shall have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States.

28 U.S.C. §1343(a)(3) and (4) provide that:

> (a)    The District Court shall have original jurisdiction over any civil action authorized by law to be commenced by any person;
>
> (3)    To redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; [or]
>
> (4)    To recover damages or to secure equitable or other relief under any act with Congress providing for the protection of civil rights, including the right to vote.

In the present case, Plaintiff seeks redress for the alleged deprivation of her civil rights conferred by certain Acts of Congress, specifically 42 U.S.C. §1983, et seq. As such, this Court has original jurisdiction pursuant to 28 U.S.C. §1343(a)(3) and (4).

## **REMOVAL**

28 U.S.C. §1441 which states:

(a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or Defendants to the District Court of the United States for the district or division embracing the place where such action is pending.

(b)   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Due to the fact that the instant action is one over which the United States District Court for the Middle District of Florida would have both federal subject matter jurisdiction and original jurisdiction pursuant to 42 U.S.C. §1983, et. seq, 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(3) and (4), the present action may be and is properly removable from its pending venue, the Circuit Court in and for Lake County, Florida to the United States District Court for the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. §1441.

28 U.S.C. §1446(a) provides:

A Defendant or Defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the District Court of the United States for which the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such Defendant or Defendants in such action.

Petitioner/Defendant has complied with the terms of 28 U.S.C. §1446(a) in that its Petition sets forth the facts showing that this court has original jurisdiction,

that the case is subject to removal, and by attaching a copy of all process and pleadings and orders served upon it in this action.

## TIMELINESS OF REMOVAL

28 U.S.C. §1446(b)(3) requires that any petition for removal of a civil action from a state court to federal district court be filed within thirty (30) days of receipt by the Defendant, of a copy of an amended pleading, motion order or other paper setting forth the claim or claims for which relief is sought, or through which the action is brought.  In the instant action, the Petitioner/Defendant was served with the Summons and Complaint on July 9, 2025. As a result, Petitioner/Defendant, CITY OF GROVELAND, has timely petitioned this Honorable Court for removal of the instant cause, in compliance with 28 U.S.C. §1446(b)(3).

## CONCLUSION

The instant action was brought pursuant to 42 U.S.C. §1983 for alleged violations of Plaintiff's civil rights under the United States Constitution. Petitioner/Defendant, CITY OF GROVELAND, is a governmental entity in and for the State of Florida.  As a result, this Honorable Court has both federal question jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) and (4).

This cause became removable on July 9, 2025, when Petitioner/Defendant was served with the Summons and Complaint. Following service, Petitioner/Defendant prepared and filed a Petition for Removal pursuant to 28 U.S.C. §1446, and as a result, Petitioner/Defendant is entitled to remove this case from the Circuit Court in and for Lake County, Florida to the United States District

Court for the Middle District of Florida, Ocala Division.

WHEREFORE, Petitioner/Defendant, CITY OF GROVELAND, prays that the above-entitled action be removed from the Circuit Court in and for Lake County, Florida to the United States District Court for the Middle District of Florida, Ocala Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July, 2205, I electronically submitted the foregoing with the Clerk of Court using the CM/ECF system, who will send electronic notice to all parties and pro se litigants.

**Anthony F. Sabatini, Esquire**
Sabatini Law Firm, P.A.
411 N. Donnelly St., Suite 313
Mount Dora, FL 32757
anthony@sabatinilegal.com
*(Attorneys for Plaintiff)*

*/s/ Donovan Roper*
DONOVAN A. ROPER, ESQUIRE
Florida Bar No. 0858544
IAN P. DEPAGNIER, ESQUIRE
Florida Bar No. 0116385
R. DUSTYN RING, ESQUIRE
Florida Bar No.: 1049924
**ROPER & ROPER, P.A.**
116 North Park Avenue
Apopka, FL 32703
TEL: 407-884-9944
FAX: 407-884-4343
email@roperandroper.com
idepagnier@roperandroper.com
dring@roperandroper.com
lblackburn@roperandroper.com
